Olayiwola O. Oduyingbo (BBO No. 691768)
Odu@odulawfirm.com
**ODU LAW FIRM, LLC**
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Telephone:     (401) 209-2029
Facsimile:     (401) 217-2299

*Attorney for Plaintiff*
*Festus Samah*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FESTUS SAMAH, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS U.S.A., INC., *alias*,<br><br>    Defendant. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of the Massachusetts Paid Family and Medical Leave Act, Mass. Gen. Laws c. 175M § 1** *et seq.***;**<br>2. **Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e** *et seq.***;**<br>3. **Violation of the Massachusetts Fair Employment Practices Act, Mass. Gen. Laws c. 151B § 1** *et seq.***;**<br>4. **Violation of the Fair Labor Standards Act, 29 U.S.C. § 201** *et seq.***;**<br>5. **Violation of the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148** *et seq.***;**<br>6. **Violation of the Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151 §1** *et seq.***; and**<br>7. **Violation of Massachusetts Earned Sick Time Law, Mass. Gen. Laws. c. 149 § 148C(h).**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

## **TABLE OF CONTENTS**

Page

SUMMARY OF THE ACTION ....................................................................................................1

PARTIES .........................................................................................................................................1

JURISDICTION .............................................................................................................................1

VENUE ............................................................................................................................................2

FACTUAL BACKGROUND AND GENERAL ALLEGATIONS ...............................................2

    Festus is Not Compensated for All Hours Worked ................................................2

    Festus, the Only Black Individual in His Team, is Unfairly Treated ...................3

    Festus Requested Leave and Takeda Begins Complaining about His Performance .........................................................................................................4

    Upon His Return From Time Off, Festus is Put on a Coaching Plan ...................5

    Festus is Placed on a Performance Improvement Plan Shortly After He Requested PFML Leave..................................................................................6

    Festus Exhausted his Administrative Remedies and Brings This Action.............7

CLAIMS FOR RELIEF ..................................................................................................................7

PRAYER FOR RELIEF ................................................................................................................14

DEMAND FOR JURY TRIAL .....................................................................................................15

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## COMPLAINT

## SUMMARY OF THE ACTION

1. Plaintiff Festus Samah ("Festus") brings this action against Defendant Takeda Pharmaceuticals U.S.A., Inc. (hereinafter "Takeda" or "Defendant") to assert his rights and remedy the grave and rampant discriminatory violations committed by Defendant. Festus seeks compensatory and punitive damages, counsel fees and costs, and other equitable relief arising out of violations of the Massachusetts Paid Family and Medical Leave Act ("PFML"), Mass. Gen. Laws c. 175M § 1 *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Massachusetts Fair Employment Practices Act ("FEPA"), Mass. Gen. Laws. c. 151B § 1 *et seq.*; the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148 *et seq.*; Massachusetts Minimum Fair Wages Act, Mass. Gen. Laws c. 151 §1 *et seq.*; and the Massachusetts Earned Sick Time Law, Mass. Gen. Laws c. 149 § 148C(h). Festus hereby alleges as follows:

## PARTIES

2. Plaintiff, Festus Samah, is a citizen and resident of Lowell, Massachusetts.

3. At all times relevant herein, Festus was employed by Defendant in the Commonwealth of Massachusetts.

4. Defendant is a foreign corporation organized and incorporated under the laws of the State of Delaware and maintains its principal place of business at 500 Kendall Street, Cambridge, Massachusetts 02142. Its registered agent is CT Corporation System at 155 Federal Street, Suite 700, Boston, MA 02110.

5. Defendant is an international biopharmaceutical company which upon information and belief employs thousands of individuals in Massachusetts alone.

6. At all times relevant herein, Defendant was Festus' "employer" within the meaning of all relevant statutes.

## JURISDICTION

7. The United States District Court for the District of Massachusetts has federal subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Festus asserts

claims arising under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

8. The United States District Court for the District of Massachusetts has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims set forth herein, which arise out of a common nucleus of operative fact as the claims over which the Court has original jurisdiction.

9. The United States District Court for the District of Massachusetts has personal jurisdiction over Defendant because it has sufficient minimum contacts with this District. Defendant has its principal place of business within this District, and it employed Plaintiff in this District. The exercise of jurisdiction by this Court is both proper and necessary.

## VENUE

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is in Massachusetts and Defendant conducts business in Massachusetts. Therefore, Defendant is deemed to reside in this District.

11. Moreover, venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in this District.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12. Festus is a Black male.

13. On or about August 29, 2022, Defendant hired Festus as a Research Associate.

14. Festus was the only Black individual in his team at Defendant.

15. Upon hiring, Festus had prior experience working in animal labs. Festus' general duties included completing various testing measures on rats and mice, including weighing, testing blood, necropsy and tissue trimming. He also completed study documentation.

16. At Defendant, Festus was a lead technician on eight studies. His performance was satisfactory.

### Festus is Not Compensated for All Hours Worked

17. Festus was hired to work primarily at Takeda's Cambridge locations, located at 35 Landsdowne Street, Cambridge, Massachusetts 02139 and at 125 Binney Street, Cambridge, Massachusetts 02142. Festus had to travel between these two labs.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

18. Throughout the relevant period, as a Research Associate, Festus earned $31.25/hour, working at least 40 hours per week.

19. Festus often had to work shifts on weekends and holidays. On paper, there was a rotation wherein Festus and his co-workers would alternate who worked the weekend and holiday shifts. However, Festus' co-workers often called out or Festus was unilaterally assigned to work these weekend and holiday shifts.

20. On weekends and holidays, Defendant only paid Festus for one hour of work, no matter how long Festus worked. These weekend and holiday shifts were scheduled to be at least three hours.

21. Defendant required that Festus only clock in while he was in the lab doing physical work. Thus, the hours recorded in Defendant's time recording system do not reflect the total time that Festus worked for Defendant including time spent preparing the testing area, preparing the systems to record data, traveling between locations, etc. Festus estimates that he worked at least two hours off the clock per weekend.

**Festus, the Only Black Individual in His Team, is Unfairly Treated**

22. Festus' manager and direct supervisor was Shylah Wyllie ("Shylah") for most of the relevant time period. Shylah was eventually promoted but continued to be Festus' manager. When Shylah was promoted, Liam Pfeifer ("Liam") became Festus' direct supervisor.

23. Since the beginning of Festus' time with Takeda, his colleagues and supervisor gave him tasks that other members of the team did not want to do and treated him differently and unequally compared to his other similarly situated colleagues.

24. Given his previous experience, Festus was hired as a Research Associate, which was a higher designation than some of his co-workers. Despite this, Festus' co-workers, even those with a lesser designation, acted as if they had authority over Festus and were Festus' superior, treating him as if he was inferior.

25. For example, Festus was assigned jobs that a researcher of lower designation would ordinarily do.

26. Festus was also assigned undesirable tasks like mopping and sweeping.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

27. One of Festus' co-workers was particularly cruel and would continuously bully and intimidate him.

28. Festus felt he was being treated differently and was being discriminated against because he is Black.

29. Festus reported to Shylah that he felt he was being discriminated against and bullied. Shylah did nothing to address his report.

**Festus Requested Leave and Takeda Begins Complaining about His Performance**

30. In or around February 2023, Festus requested two weeks off, effective immediately. At the time of his request, he was experiencing mental anguish because of his colleagues' and supervisor's treatment. Additionally, his wife was pregnant and had been in the hospital frequently, which raised concerns about her health.

31. In February 2023, right after Festus' request for the time off, Shylah sent Rashaad Bryant ("Rashaad"), from Human Resources ("HR"), an email indicating that Festus was not performing at the level he should be as he was about six months into the position. In the email, Shylah included a list of alleged grievances, which were never brought to Festus' attention. Prior to this email, Shylah never brought forward any concerns about Festus' performance, and Festus had never received a complaint or disciplinary action. Shylah also noted in the email that Festus taking leave raised concerns regarding performance—even though Festus had sick/vacation time available to be used.

32. On March 15, 2023, Sam Cohen ("Sam"), followed up on Shylah's complaint, attaching a coaching plan used by Takeda to support staff development. In his email, Sam stated "it sounds like Festus may have some *personal matters on his plate,* which could be *impacting his ability to meet expectations*. You can remind Festus that Takeda offers an Employee Assistance Program [link included] which is a free resource to employees that includes acute support for mental health and other well-being challenges. The offering is available 24/7 and is confidential." **Exhibit 1** (emphasis added).

33. After Festus' approved two weeks off, he returned to work and continued to develop his skills.

**Upon His Return, Festus is Put on a Coaching Plan**

34. On March 17, 2023, to his surprise, Festus was placed on a Coaching Plan.

35. Festus worked on the Coaching Plan, although he did not feel it was warranted. Despite his best efforts, concerns regarding his performance continued to be raised.

36. On March 27, 2023, less than 10 days instituting the Coaching Plan, Shylah again emailed Rashaad, Sam, and Sharron Kirchain ("Sharron"), expressing concerns about Festus' use of sick time. In this email, she noted that Festus still had sick time available, so "there wasn't an issue there." **Exhibit 2**. The issue was only that Festus had requested to use sick time to leave two hours early on March 23, 2023, to accompany his pregnant wife to her OB/GYN appointment, and that was a concern for Shylah. Shylah was also concerned regarding Festus calling out of work the following day, March 24, because his wife was in the hospital.

37. Shylah requested documentation to prove that Festus' wife was in the hospital. This was *not* standard practice at Takeda. Festus was the only person that Shylah asked for this sort of proof upon requesting to use their *available* time off.

38. Undeterred, Shylah continued to complain about Festus' use of sick/vacation time. Festus was the only employee who was persistently questioned for using the sick and vacation time that Defendant provided.

39. On March 31, 2023, Festus received his 2022 Year End Performance Review. The review summarized Festus' responsibilities and the skills that he gained that year. *See* **Exhibit 3**.

40. On May 4, 2023, the week after Festus used vacation time, Shylah emailed Rashaad, Sam, and Liam, expressing concerns about Festus' performance again.

41. In or around June 2023, Festus received a $1,800 bonus. Based on his contract, his bonus was supposed to be 8% of his salary. The bonus Festus received was far below 8% of his salary. Festus' co-workers each received a $5,000 bonus.

42. When Festus asked why he was not provided the bonus he was entitled to, Defendant provided no explanation.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

43. Around this time, Festus also complained about not being paid for his travel time and for the time he was entitled to for weekend and holiday shifts. Festus' complaints regarding payment was never resolved.

**Festus is Placed on a Performance Improvement Plan Shortly After He Requested PFML Leave**

44. On or about June 7, 2023, Festus formally requested PFML leave to begin on October 23, 2023, in anticipation of the birth of his child. Festus' request was approved by the Commonwealth and the insurance company.

45. Soon after, Liam confronted Festus about his request. Liam told Festus that he should have spoken to him first before requesting PFML leave. This reaction came as a surprise to Festus because by then, it was known that his wife was expecting a child. At the time, a colleague told Festus part of the issue was that the dates of his leave request would have Festus out on leave soon after another female employee returned from her leave.

46. On June 26, 2023, merely weeks after his PFML leave request submission, Festus was placed on a sixty-day Performance Improvement Plan ("PIP").

47. Prior to being given the PIP, on or around June 15, 2023, Justin Hall ("Justin"), an Employee Relations Partner, requested permission to move forward with a mutual separation at the time of the PIP. Takeda elected only to move forward with the PIP.

48. On July 6, 2023, Liam sent an email to Rashaad, Philippa Moffat ("Philippa"), and Erika Marder ("Erika") asking them to reconsider offering Festus a mutual separation agreement. **Exhibit 4**.

49. Festus was given the option to continue working for Respondent under a 60-day PIP or to separate.

50. Festus was told that nothing would change—his co-workers and supervisors would continue to force him to complete undesirable tasks, he would continue to not be compensated properly, his performance as well as his exercising of his rights to time off and leave would continue to be questioned, and his work would continue to be monitored under the PIP.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

51. Caught between a rock and a hard place, Festus felt he had no choice but to separate from his employment with Defendant.

52. On or about July 17, 2023, Festus received a separation agreement and general release concerning his termination from Takeda. The official date of separation was July 19, 2023.

53. Festus was offered a severance package, which only provided him with six weeks of severance, instead of the standard eight-week package that other Takeda employees were offered.

**Festus Exhausted his Administrative Remedies and Brings This Action**

54. On or about May 3, 2024, Festus filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the United States Equal Employment Opportunity Commission ("EEOC").

55. Defendants filed a Position Statement on October 2, 2024, which consisted of pretextual excuses.

56. Thereafter, on October 21, 2024, in accordance with 804 CMR 1.04(12), Festus filed to withdraw his Complaint with MCAD and the EEOC, and instead assert this rights and remedy Defendants' violations in court. On October 31, 2024, MCAD issued Festus a Dismissal. Festus has therefore timely and properly exhausted administrative remedies and satisfied all pre-conditions of filing this action.

57. Similarly, and pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Festus submitted his statutory claims with the Office of the Attorney General and concurrently requested a right to sue letter, on January 8, 2025, which was received on January 9, 2025.

**CLAIMS FOR RELIEF**

58. Festus realleges and incorporates therein by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**First Claim for Relief**

*Retaliation in Violation of the Massachusetts Paid Family and Medical Leave Act,*

*Mass. Gen. Laws c. 175M § 1 et seq.*

59. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity including retaliating against Festus for engaging in protected activity (i.e., his request of PFML leave). Defendant issued a PIP and terminated Festus in retaliation for exercising his right to leave provided for under the PFML. The temporal proximity between Festus' PFML request gives rise to a presumption of retaliation under the Act. Defendant's actions were in violation of the PFML and thereby deprived Festus of his rights secured under this Act, causing him to suffer the damages aforesaid.

**Second Claim for Relief**

*Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964,*

*42 U.S.C. § 2000e et seq.*

60. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity including discriminating against Festus based on his race. In fact, despite Festus' experience and higher title, Defendant questioned Festus' performance and treated him differently than his white co-workers, placed him on a Coaching Plan, PIP, and terminated him in part because of his race, in violation of Title VII. Defendant thereby deprived Festus of his rights secured under Title VII, causing Festus to suffer damages as aforesaid.

**Third Claim for Relief**

*Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964,*

*42 U.S.C. § 2000e et seq*

61. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity including discriminating against Festus due to his sex and his prospective fatherhood. Upon requesting leave pursuant to PFML to bond with his child, Festus was reprimanded while female employees of Defendant were approved for leave without issue. Defendant questioned Festus' need for leave related to the birth of his child

because he is a male, in violation of Title VII. Defendant thereby deprived Festus of his rights secured under Title VII, causing Festus to suffer damages as aforesaid.

### Fourth Claim for Relief

*Retaliation in Violation of Title VII of the Civil Rights Act of 1964,*

*42 U.S.C. § 2000e et seq*

62.     Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, engaged in unlawful activity. Defendant unlawfully retaliated against Festus for reporting that his co-workers were subjecting him to a race- and sex-based discrimination and hostile environment. Shortly after Festus reported this to his supervisor, she became hyper-focused on Festus' requests to use sick time as a way discipline Festus for engaging in protected activity. Thereafter, Defendant instituted progressive discipline which escalated to Festus' termination. Defendant thereby deprived Festus of his rights secured under Title VII, causing Festus to suffer damages as aforesaid.

### Fifth Claim for Relief

*Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964,*

*42 U.S.C. § 2000e et seq.*

63.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant subjected Festus to a hostile work environment. Festus was bullied and harassed because of his race. Festus was continually treated as if he was inferior to his white co-workers and forced to complete undesirable tasks that would have generally been reserved for employees of a lower designation. Festus reported this to his supervisor, but she took no action to address Festus' reports of discrimination, allowing the discrimination to continue. Instead, she began to criticize Festus for his use of time off and escalating concerns of his performance to upper management that resulted in heightened discipline that led to his termination. Indeed, after making the report of discrimination to his supervisor he endured increased scrutiny and discipline. As a result, Festus' mental and physical health declined. The harassment altered the conditions of Festus' employment and created an

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

abusive work environment. Defendant's actions violated Title VII. Defendant thereby deprived Festus of his rights secured under Title VII, causing Festus to suffer damages as aforesaid.

### Sixth Claim for Relief

*Race Discrimination in Violation of Massachusetts Fair Employment Practices Act,*

*Mass. Gen. Laws c. 151B § 1 et seq.*

64. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant questioned Festus' performance and treated him differently than his white co-workers, placed him on a Coaching Plan, PIP, and terminated him in part because of his race, in violation of the FEPA. Defendant thereby deprived Festus of his rights secured under the FEPA, causing Festus to suffer damages as aforesaid.

### Seventh Claim for Relief

*Sex Discrimination in Violation of Massachusetts Fair Employment Practices Act,*

*Mass. Gen. Laws c. 151B § 1 et seq.*

65. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity including discriminating against Festus due to his sex and his prospective fatherhood. Upon requesting leave pursuant to PFML to bond with his child, Festus was reprimanded while female employees of Defendant were approved for leave without issue. Defendant questioned Festus' need for leave related to the birth of his child because he is a male, in violation of the FEPA. Defendant thereby deprived Festus of his rights secured under FEPA, causing Festus to suffer damages as aforesaid.

### Eighth Claim for Relief

*Retaliation in Violation of Massachusetts Fair Employment Practices Act,*

*Mass. Gen. Laws c. 151B § 1 et seq.*

66. Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, engaged in unlawful activity. Defendant unlawfully retaliated against Festus for reporting that his co-workers were subjecting him to a racially discriminatory

and hostile environment. Shortly after Festus reported this to his supervisor, she became hyper-focused on Festus' requests to use sick time as a way discipline Festus for engaging in protected activity. Thereafter, Defendant instituted progressive discipline which escalated to Festus' termination. Defendant thereby deprived Festus of his rights secured under the FEPA, causing Festus to suffer damages as aforesaid.

### Nineth Claim for Relief

*Hostile Work Environment in Violation of Massachusetts Fair Employment Practices Act,*

*Mass. Gen. Laws c. 151B § 1 et seq.*

67. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant subjected Festus to a hostile work environment. Festus was bullied and harassed because of his race. Festus was continually treated as if he was inferior to his white co-workers and forced to complete undesirable tasks that would have generally been reserved for employees of a lower designation. Festus reported this to his supervisor, but she took no action to address Festus' reports of discrimination, allowing the discrimination to continue. After making the report of discrimination to his supervisor he endured increased scrutiny and discipline. As a result, Festus' mental and physical health declined. The harassment altered the conditions of Festus' employment and created an abusive work environment. This escalated to the point that Festus was terminated by Defendant. Defendant's actions violated the FEPA. Defendant thereby deprived Festus of his rights secured under the FEPA, causing Festus to suffer damages as aforesaid.

### Tenth Claim for Relief

*Failure to Pay for All Hours Worked in Violation of the Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

68. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity by failing to pay Festus for all hours worked in violation of the FLSA. Festus has unpaid wages in violation of the FLSA. Defendant thereby deprived Festus of his rights secured under the FLSA, causing Festus to suffer damages as aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

**Eleventh Claim for Relief**

*Failure to Keep Accurate Time Records in Violation of the Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

69. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity by failing to keep accurate time records in violation of the FLSA. *See* 29 CFR Part 516. Festus was not paid for all his hours worked and thus has unpaid wages as a consequence of this violation. Defendant thereby deprived Festus of his rights secured under the FLSA, causing Festus to suffer damages as aforesaid.

**Twelfth Claim for Relief**

*Retaliation in Violation of the Fair Labor Standards Act,*

*29 U.S.C. § 201 et seq.*

70. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant retaliated against Festus for reporting that he was not being paid properly. In doing so, Defendant violated the FLSA, and thereby deprived Festus of his rights secured under this Act, causing Festus to suffer damages as aforesaid.

**Thirteenth Claim for Relief**

*Violation of Massachusetts Payment of Wages Act,*

*Mass. Gen. Laws c. 149 § 148 et seq.*

71. Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant failed to pay Festus for all hours worked in violation of the Massachusetts Payment of Wages Act. Defendant thereby deprived Festus of his rights secured under the Wages Act, causing Festus to suffer damages as aforesaid.

**Fourteenth Claim for Relief**

*Retaliation in Violation of Massachusetts Payment of Wages Act,*

*Mass. Gen. Laws c. 149 § 148 et seq.*

72.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant retaliated against Festus for reporting that he was not being paid properly. In doing so, Defendant violated the Massachusetts Payment of Wages Act, Mass. Gen. Laws c. 149 § 148A and thereby deprived Festus of his rights secured under this Act, causing Festus to suffer damages as aforesaid.

**Fifteenth Claim for Relief**

*Violation Massachusetts Minimum Fair Wages Act,*

*Mass. Gen. Laws c. 151 §1 et seq.*

73.     Defendant, by its individual and/or concerted acts and/or omissions, including, but not limited to those described herein, engaged in unlawful activity. Defendant failed to pay Festus minimum wage for all hours worked in violation of the Massachusetts Minimum Fair Wages Act. Defendant thereby deprived Festus of his rights secured under the Act, causing Festus to suffer damages as aforesaid.

**Sixteenth Claim for Relief**

*Retaliation in Violation of Massachusetts Earned Sick Time Law,*

*Mass. Gen. Laws c. 149 § 148C(h)*

74.     Defendant, by its individual and/or concerted acts and/or omissions, including but not limited to those described herein, engaged in unlawful activity. Festus exercised his lawful right to use his earned sick time. Defendants retaliated against Festus for exercising his rights by using it as a negative factor in employment decisions and/or disciplining him for using his earned sick time, in violation of the Massachusetts Earned Sick Time Law, Mass. Gen. Laws. c. 149 § 148C(h). Defendant thereby deprived Festus of his rights secured under this law, causing Festus to suffer damages aforesaid.

ODU LAW FIRM, LLC
888 RESERVOIR AVENUE, FLOOR 2
CRANSTON, RI 02910
(401) 209-2029

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray and respectfully requests that this Court grant the following relief:

A. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FLSA, PFML, Title VII, FEPA, the Massachusetts Payment of Wages Act, Massachusetts Minimum Fair Wages Act, and the Massachusetts Earned Sick Time Law.

B. An injunction directing Defendant to take such affirmative action as is necessary to refrain from such conduct as is necessary to ensure that the effects of these unlawful employment practices are eliminated and not repeated;

C. An injunction or other equitable relief, including, but not limited to, an award of unpaid wages, back pay, front pay or reinstatement, and other compensation and/or benefits, and to make Festus whole for all earnings and benefits Festus would have received but for the violations;

D. An award of all actual, general, special, incidental, statutory, punitive, compensatory, liquidated, consequential, and/or restitutionary damages to which Festus is entitled;

E. An award of prejudgment interest, reasonable attorneys' fees, and costs; and

F. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues triable as of right.

Dated: January 22, 2025

**ODU LAW FIRM, LLC**

By: /s/ *Olayiwola O. Oduyingbo*

**Olayiwola O. Oduyingbo, Esq.**
BBO No. 691768
888 Reservoir Avenue, Floor 2
Cranston, RI 02910
Phone: (401) 209-2029
Fax: (401) 217-2299
Odu@odulawfirm.com

**ATTORNEY FOR PLAINTIFF,
FESTUS SAMAH**